IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CATHY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 3:14-cv-1326 |
| ) | |
| HOUSTON COUNTY, TN, HOUSTON ) | JUDGE SHARP/BRYANT |
| COUNTY PUBLIC LIBRARY and ) | |
| MAYOR GEORGE CLARK ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

**INITIAL CASE MANAGEMENT ORDER**

      A.      JURISDICTION: the court has jurisdiction pursuant to 28 U.S.C. § 1331.

      B.      BRIEF THEORIES OF THE PARTIES:

      1)      PLAINTIFF:

Plaintiff was employed by the Houston County Library for over 17 years. In March 2013 she was in an accident and suffered blood clots in her legs which required her to be placed on oxygen. Plaintiff was hospitalized for over four days and three nights. She gave the details of her injury to her supervisor however she was never told she qualified for Family and Medical Leave Act (FMLA) leave nor given any documentation to complete. When Plaintiff attempted to return to work she was told by her supervisor that she could not bring oxygen into the work place. Defendant employer did not enter into the interactive process to determine whether a reasonable accommodation could be made for her actual or perceived disability. Plaintiff was terminated and presented with a separation notice that lists "lack of work" as the reason for her termination.

However, a co-worker was promoted into her position and a new employee was hired to replace the co-worker. Defendant violated both the FMLA and the Americans with Disabilities Act.

2) DEFENDANT:

Defendants Houston County, Tennessee, Houston County Library and Mayor George Clark, sued in his official capacity, submit the following brief theory of the case based upon Plaintiff's First Amended Complaint filed with the Court on July 9, 2014.

Defendants did not discriminate against Plaintiff or engage in unlawful employment practices in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, or the Tennessee Disability Act, T.C.A. § 8-50-103, *et seq.* Defendants aver that Plaintiff took leave from work but failed to provide her employer with any specific information or medical documentation regarding a need for medical leave. Plaintiff never requested leave under the FMLA. Plaintiff never requested, proposed or advised of the need for any reasonable accommodation from Defendants. At all times relevant, Defendants made a good faith effort to communicate with Plaintiff, who refused to cooperate with her employer and failed to provide any specific information or medical documentation regarding a need for medical leave.

Plaintiff has sued Houston County Mayor George Clark in his official capacity. A suit against Mayor Clark in his official capacity is the equivalent of a suit against the County, which is already a party to this action. Plaintiff has also sued the Houston County Library, which is not a separate, sueable entity, but is a department of Houston County Government. Defendants also affirmatively aver that Plaintiff's claim under the Tennessee Disability Act is not timely and should be dismissed under the applicable statute of limitations.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before September 24, 2014.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before April 7, 2015. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith. Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before March 17, 2015.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before March 24, 2015. The defendant shall identify and disclose all expert witnesses and reports on or before May 19, 2015.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before June 16, 2015.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before March 31, 2015.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before August 11, 2015. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Optional replies may be filed within fourteen (14) days after the filing of the response. Briefs shall not exceed <u>20 pages</u>.

L. ELECTRONIC DISCOVERY. The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case. The parties agree that service via electronic means constitutes service under the applicable federal rule.

M. A subsequent case management conference shall take place on  March 3, 2015, at 9:30 a.m. This conference will be conducted by telephone and counsel for Defendants shall initiate the call.

N. TRIAL DATE: Jury trial is set to begin on January 12, 2016, at 9:00 a.m. A pretrial conference shall be held on December 21, 2015, at 3:00 p.m. before Judge Sharp.

It is so **ORDERED.**

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

APPROVED FOR ENTRY:

**THE HIGGINS FIRM, PLLC**

By: /s/ ANNE HUNTER WILLIAMS
Anne Hunter Williams, BPR No. 022407
Jonathan A. Street, BPR No. 021712
*Attorneys for Plaintiff*
116 Third Avenue South
Nashville, TN 37201
(615) 353-0930

**BATSON NOLAN PLC**

By: /s/ Kathryn W. Olita
Mark Nolan, BPR No. 015859
Kathryn W. Olita, BPR No. 023075
*Attorneys for Defendants*
121 South Third Street
Clarksville, Tennessee 37040
(931) 647-1501